1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKISHA EPPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant.<br>_____ | Case No. 1: 12-cv-00248-BAM<br><br>ORDER SETTING HEARING ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW |

　　　　On August 30, 2012, counsel for plaintiff Lakisha Epps ("Plaintiff") filed a motion to withdraw as Plaintiff's attorney. (Doc. 11.) Plaintiff's counsel states that after reviewing the record, it is his opinion that pursuit of this action could subject him to sanctions under Rule 11. Plaintiff's counsel further states that Plaintiff has been unresponsive to his requests for withdrawl.

　　　　Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional

1

Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 180(d).

Rule 3-700(A)(2)of the California Rules of Professional Conduct provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and complying with applicable laws and rules." Additionally, the ABA's Model Rule of Professional Conduct 1.7(a) provides: "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: ... there is a significant risk that the representation of one or more clients will be materially limited ... by a personal interest of the lawyer."

Accordingly, the Court sets a hearing on Plaintiff's counsel's motion to withdraw for September 21, 2012 at 9:30 AM in Courtroom 8 before the Honorable Barbara A. McAuliffe. Plaintiff's counsel should be prepared to discuss the appropriateness of withdrawal under the Local Rules and the California Rules of Professional Conduct.

Additionally, the Court ORDERS Plaintiff's Counsel to serve a copy of this Order at Plaintiff's last known address: 1021 Smith Street, Bakersfield, CA 93307.

IT IS SO ORDERED.

Dated:   **August 31, 2012**               /s/ **Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Section 3-700(D) pertains to returning property and funds to clients.