UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKISHA EPPS, ) | 1:12-cv-0248 BAM |
| ) | |
| Plaintiff, ) | ORDER DISMISSING CASE FOR FAILURE |
| ) | TO FOLLOW A COURT ORDER |
| v. ) | |
| ) | |
| ) | (Doc. 16) |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On February 16, 2012, Plaintiff filed the present action seeking a review of the Commissioner's denial of her application for benefits.[1] Plaintiff was previously represented by an attorney, however, the Court permitted counsel to withdraw on September 26, 2012. (Doc. 14). Plaintiff did not appear at the hearing permitting counsel to withdraw. The written order granting counsel's motion advised Plaintiff that her opening brief was due on November 9, 2012. (Doc. 14). In the order, Plaintiff was cautioned that failure to file the opening brief as ordered would result in dismissal of this action. Plaintiff did not file the opening brief as directed.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 8, 9).

On November 29, 2012, this Court issued an Order to Show Cause Why the Case Should Not Be Dismissed due to Plaintiff's non-compliance with this Court's order. (Doc. 16). Plaintiff was advised that she needed to respond to the Order to Show Cause within fifteen (15) days. Over twenty (20) days have passed, and Plaintiff has not responded to the Order to Show Cause. Therefore, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has

1  been pending with no action and no response from Plaintiff since September 26, 2012 and it does not
2  appear that Plaintiff is going to file an opening brief.  Plaintiff has also failed to respond to the Court's
3  order and appears to have abandoned the case.  The third factor, risk of prejudice to defendants, also
4  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable
5  delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
6  factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors
7  in favor of dismissal discussed herein.  Finally, a court's warning to a party that her failure to obey the
8  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*
9  *v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order
10 to Show Cause clearly stated that the case would be dismissed if Plaintiff failed to respond to the Order
11 to Show Cause.  Thus, Plaintiff had adequate warning that dismissal would result from her
12 noncompliance with the Court's order.

**ORDER**

14 Accordingly, this Court orders that this action be DISMISSED for Plaintiff's failure to comply
15 with a court order.  The Clerk of the Court is directed to close this action.  This action terminates this
16 case in its entirety.

17 IT IS SO ORDERED.

18 Dated:   **December 19, 2012**                                /s/ **Barbara A. McAuliffe**
                                                                UNITED STATES MAGISTRATE JUDGE